UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____                :

JOSE MOREIRA and ROSA GOMES,                        :

      Plaintiffs,                                   :

                                                    :

v.                                                  :

                                                    :

CARLOS PEIXOTO, CHRISTINE                           :
PEIXOTO, BARRY TERACH,                              :
PENDERGAST & TERACH, P.C.,                          :
ALEXANDRIA HEATING & COOLING,                       :
ACE ELECTRIC SERVICES, INC.,                        :
JERSEY MECHANICAL                                   :
CONTRACTORS, INC., MACEDOS                          :
CONSTRUCTION COMPANY, INC. OF                       :
NEW JERSEY, JOHN DOES 1-10, name                    :
being fictitious (representing one or more          :
fictitious defendants), ABC                         :
CORPORATION 1-10, name being                        :
fictitious (representing one or more                :
fictitious corporations), and XYZ                   :
PARTNERSHIP 1-10 (representing one or               :
more fictitious partnerships),                      :

                                                    :

      Defendants.                                   :

_____                :

                                                    :

CARLOS PEIXOTO and CHRISTINE                        :
PEIXOTO,                                            :

                                                    :

      Third Party Plaintiffs,                       :

                                                    :

v.                                                  :

                                                    :

VIRGINIA SURETY COMPANY,                            :
CAMBRIDGE INTEGRATED SERVICES,                      :
and CLARK & MORRISTOWN                              :
INSURANCE AGENCY, INC.                              :

                                                    :

      Third Party Defendants.                       :

_____                :

Honorable Madeline Cox Arleo
Civil Action No. 09-3297 (JAG)

**REPORT AND RECOMMENDATION**

**THIS MATTER** comes before the Court upon the motion of Plaintiffs, Jose Moreira ("Moreira") and Rose Gomes ("Gomes") (sometimes collectively "Plaintiffs"), to remand this civil action against Defendants Carlos Peixoto, Christine Peixoto (collectively "the Peixotos"), Barry Terach, Pendergast & Terach, P.C., Alexandria Heating & Cooling, Ace Electric Services, Inc., Jersey Mechanical Contractors, Inc., and Macedos Construction Company ("Macedos") (sometimes collectively "defendants"), to the Superior Court of New Jersey, or alternatively, to remand only Plaintiffs' affirmative claims against all defendants to state court, (Docket Entry No. 12); and upon the motion of Defendants/Third Party Plaintiffs the Peixotos to remand this civil action to the Superior Court of New Jersey and for imposition of costs and fees incurred in preparing their remand motion.  (Docket Entry No. 13).   Third Party Defendants Virginia Surety Company, Inc. ("VSC") and Cambridge Integrated Services Group, Inc. ("Cambridge") oppose the motion.  District Judge Greenaway referred the remand motions to me for Report and Recommendation.

This Court held oral argument on October 21, 2009, and the Court reserved ruling from the bench.  This written opinion supplements the transcript of the October 21, 2009, hearing, pursuant to LOCAL CIVIL RULE 52.1.  Having considered the parties' submissions, for good cause shown, and for the reasons set forth on the record and herein, the Court respectfully recommends that Plaintiffs' motion to remand be **GRANTED**; and the Peixotos' motion to remand be **GRANTED**, and the Peixotos' request for fees and costs be **DENIED**.[1]

---

[1] On July 15, 2009, VSC and Cambridge filed a Notice of Removal intending to remove only the third party action filed against them by Macedos in state court.  This second removal action is entitled Macedos Construction Company, Inc. of New Jersey v. Virginia Surety Company, Inc., no. 09-3491 (JAG) ("Macedos action").  During the October 21, 2009, hearing on the motions to remand, the parties consented to consolidating the Macedos action with the instant action.  Accordingly, the Court hereby orders the two matters consolidated, and for the same reasons expressed herein, the Court respectfully recommends that the Macedos removal action,

## I.    <u>BACKGROUND</u>

By way of background, this action arises out of personal injuries that Moreira allegedly sustained on October 1, 2005 when he was performing construction work for Macedos Construction Company on property owned by the Peixotos.  (<u>See</u> <u>generally</u> Plaintiffs' Compl.)  On July 31, 2007, Plaintiffs filed a negligence and loss of consortium action in New Jersey Superior Court, Hunterdon County, Law Division, against several defendants, including the Peixotos and Macedos as a result of Moreira's injuries.  (<u>Id.</u>)

On May 20, 2009, the Peixotos filed a third-party complaint against VSC and Cambridge.  (<u>See</u> <u>generally</u> Third-Party Compl.)  The Peixotos allege that, under New Jersey state statutory and common law, VSC and Cambridge wrongfully and in bad faith, denied coverage under a Commercial General Liability Policy that VSC issued to Macedos for the policy period of March 31, 2005 to March 31, 2006 ("CGL Policy").  (<u>Id..</u> at ¶ 8).  Specifically, the Peixotos allege that, as employees of Macedos, they are entitled to coverage under the CGL Policy issued by VSC to Macedos.  (<u>Id.</u> at ¶ 47).  Cambridge is the third-party administrator of VSC in connection with Macedos' Workers' Compensation Policy and CGL Policy.  (<u>Id.</u> at ¶ 10).  The Peixotos seek a declaration that VSC must defend and indemnify the Peixotos in the instant action. (<u>Id.</u> at count one).  The Peixotos also assert claims against VSC and Cambridge for breach of contract (count two); civil conspiracy (count three); and bad faith denial of benefits (count five).  The Peixotos further have a separate claim for breach of the duty of good faith and fair dealing (count four) against VSC.

The third-party complaint also includes a broker negligence claim against Clark & Morrison Insurance Agency, Inc. ("CMIA"), the Peixotos' insurance broker, for purposes of obtaining, among

---

no. 09-3491 (JAG), be remanded <u>sua</u> <u>sponte</u> to state court.

other coverage, personal liability insurance and/or homeowner's insurance. (Id. at count six). The Peixotos allege, among other things, that CMIA was negligent in carrying out its insurance broker duties. (Id.)

On July 3, 2009, VSC and Cambridge, with CMIA's consent, filed a Notice of Removal with the intent of removing only the Peixotos' third-party action from state court to this Court, pursuant to 28 U.S.C. § 1441, on the basis of both federal question and diversity jurisdiction, under 28 U.S.C. §§ 1331 and 1332. (Notice of Removal, at ¶ 18). On July 30, 2009, Plaintiffs filed their motion to remand the instant action to state court, or alternatively, to remand only their affirmative claims against all defendants in the instant action to state court. On August 3, 2009, the Peixotos filed their motion to remand the instant action to state court. VSC and Cambridge oppose the motions.

## II.   **ANALYSIS**

### A.   **Legal Standard for a Motion To Remand**

As a threshold matter, a district court has subject matter jurisdiction over state law claims, pursuant to 28 U.S.C. § 1332,  if each of the plaintiffs is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. See Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d. Cir. 2002). Furthermore, a district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. A claim brought in state court may be removed to federal court under 28 U.S.C. § 1441.

A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). The

4

Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)). Thus, in opposing a motion to remand based on lack of subject matter jurisdiction, the removing parties, here VSC and Cambridge, bear this burden. Accordingly, "a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" Boyer, 913 F.2d at 111 (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)).

The Third Circuit has made clear that where a non-diverse party had been fraudulently joined, remand should be denied.  Applying Third Circuit law, Judge Chesler recently enunciated the heightened standard for fraudulent joinder:

> Fraudulent joinder may be established where a defendant shows 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant or no real intention in good faith to prosecute the action against the defendants....'

Pegg v. United Services Automobile Association, 2009 WL 2928920, at *1 (D.N.J. Sept. 9, 2009) (internal quotation omitted).  For a claim to be uncolorable, "it must be wholly insubstantial and frivolous." Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1985).

In analyzing fraudulent joinder, a court may look beyond the pleadings "to identify indicia of fraudulent joinder." In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006).  Yet, "a district court must not step 'from the threshold jurisdictional issue into a decision on the merits.'" Id. (quoting Boyer, 913 F.2d at 112).  Accordingly, although a court may look outside the pleadings to determine whether joinder is fraudulent, the court must remember that "the inquiry into the validity of the

complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." Batoff, 977 F.2d at 852.

**B.     Fraudulent Joinder**

Here, in opposing remand, VSC and Cambridge assert that diversity of citizenship exists, under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the "proper" parties (i.e., third party plaintiffs, the Peixotos, and third party defendants, VSC and Cambridge), and the Peixotos' claims exceed $75,000. VSC and Cambridge contend that the Peixotos, New Jersey citizens, fraudulently joined CMIA, also a New Jersey citizen, to destroy complete diversity. Specifically, VSC and Cambridge assert that CMIA cannot state a claim for broker negligence because it is undisputed that the Peixotos never communicated with CMIA, or made an initial inquiry to CMIA to procure insurance for building a new residence on their property. They further contend that the Peixotos' failure to file an affidavit of merit is fatal to the broker negligence claim.[2] Therefore, they allege that CMIA has been fraudulent joined.

In reply, the Peixotos contend that there is no requirement to plead or prove "initiating inquiry" for stating a claim of insurance broker malpractice under New Jersey law. Rather, they submit that a party can state such a claim based upon either notice or initiating inquiry. According to the Peixotos, they pleaded "notice" in their third party complaint, and thus, have stated a claim for broker negligence.

---

[2] During oral argument, the Peixotos' counsel astutely pointed out that, following VSC's and Cambridge's removal of the instant action to this Court, the state court had no jurisdiction to accept an affidavit of merit for filing. Their counsel further noted that because the Peixotos challenge this Court's jurisdiction, they could not file the affidavit of merit with this Court. Indeed, the Peixotos have been caught between a figurative rock and a hard place. Accordingly, their failure to file an affidavit of merit is not fatal to their broker negligence third party claim.

On the issue of broker negligence, President v. Jenkins, 357 N.J. Super. 288, 307 (App. Div. 2003), aff'd in part and rev'd in part, 180 N.J. 550 (2004), is instructive. In Jenkins, the Appellate Division noted that "insurance brokers and agents owe a fiduciary duty of care to insureds." Id. at 307 (internal citations omitted). A broker may be liable for breach of that duty "(1) if the broker 'neglects to procure the insurance,' (2) 'if the policy is void,' (3) if the policy is 'materially deficient,' or (4) the policy 'does not provide the coverage he undertook to supply.'" Id. at 308 (quoting Rider v. Lynch, 42 N.J. 465, 476 (N.J. 1964)). To trigger the broker's legal duty, there must be proof of notice or a specific initiating inquiry from the client insured before a broker can be found to have an affirmative duty to inform the client of gaps in the client's insurance coverage. Id. (internal citations omitted). As such, under New Jersey law, there is no requirement that an insured establish a broker's breach of its fiduciary duty solely by pleading or proving a "specific initiating inquiry." See id. As Jenkins demonstrates, a breach may be established by notice to the broker.

Here, this Court is satisfied that broker negligence was sufficiently pled and CMIA was not fraudulently joined. (Third-Party Compl., ¶¶ 81-85). There is a "reasonable basis in fact" to support the broker negligence claim against CMIA and no argument that the Peixotos do not intend to prosecute the claim against CMIA. There is no showing that the claim is "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852. As such, complete diversity among the parties is lacking. This Court respectfully recommends that the case be remanded on this basis.

## C.   Third Party Claims As The Basis For Removal

Even if this Court were to find that the joinder of third-party defendant CMIA was fraudulent, this Court is not persuaded that remand is appropriate. As set forth below, a majority of courts have held that third-party defendants, like VSC and Cambridge, do not have the right to remove a civil

action to federal court pursuant to 28 U.S.C. § 1441.  Accordingly, this Court concludes that third-party defendants improperly attempted to remove this action.

The Third Circuit has not addressed the issue of whether a third-party defendant has the right to remove an action to district court under any provision of § 1441.[3]  However, recently, in <u>Palmer v. University of Medicine and Dentistry of New Jersey</u>, 605 F. Supp. 2d 624 (D.N.J. 2009), Judge Greenaway held that a federal cross-claim may not serve as the basis for removal under § 1441. After considering the majority and minority views, Judge Greenaway adopted the majority view, which has "narrowly interpreted the text of § 1441, and thus, [has] [sic] concluded that third party complaints . . . cannot be the basis for removal."  <u>Palmer</u>, 605 F. Supp.2d at 633.  <u>See</u>, <u>e.g.</u>, <u>First Nat'l Bank of Pulaski v. Curry</u>, 301 F.3d 456, 465 (6th Cir. 2002); <u>Lewis v. Windsor Door Co.</u>, 926 F.2d 729, 733 (8th Cir. 1991); <u>Monmouth-Ocean Collection Serv., Inc. v. Klor</u>, 46 F. Supp. 2d 385, 388-89 (D.N.J. 1999);  <u>Kaye Associates v. Bd. of Chosen Freeholders of Gloucester</u>, 757 F. Supp. 486, 487-89 (D.N.J. 1991).

This Court finds that Judge Greenaway's reasoning in <u>Palmer</u> applies with equal force here to the Peixotos' third party claims.  Like cross-claims, third-party complaints cannot be the basis for removal.   Thus, VSC and Cambridge improperly removed the case under 28 U.S.C. § 1441.[4]

---

[3] In their opposition brief and during oral argument, VSC and Cambridge improperly rely on the Third Circuit's holding in <u>Thompson v. Wheeler</u>, 898 F.2d 406 (3d Cir. 1990) to support their position that third-party defendants have the right to remove state actions under § 1441.  In <u>Thompson</u>, the Third Circuit analyzed whether a third-party defendant may remove an action pursuant to 28 U.S.C. § 1442 and/or § 2679(d), rather than under § 1441, the general removal statute.  <u>Id.</u> at 409.  Accordingly, VSC's and Cambridge's reliance on <u>Thompson</u> is misplaced.

[4] On November 13, 2008, VSC filed a civil RICO action in federal court in New Jersey, <u>Virginia Surety Co. v. Macedo, et al.</u>, Civil Action No. 08-5586 (D.N.J.), which Judge Greenaway dismissed without prejudice on September 30, 2008. (Dkt. Entry No. 42).  In opposition to remand, VSC and Cambridge claim that these RICO claims serve as a basis to

8

Accordingly, this Court respectfully recommends that the respective motions to remand be granted.

**D.     The Peixotos' Request For Costs And Fees Under 28 U.S.C. § 1447©**

The Peixotos contend that fees and costs incurred with filing the remand motion should be assessed against VSC and Cambridge.  Essentially, the Peixotos contend that the arguments of VSC and Cambridge were made in bad faith lacking any legal basis.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A district court has discretion to award fees.  Yet, the undersigned cannot conclude that VSC or Cambridge lacked an "objectively reasonable basis" for seeking removal.  Thus, this Court respectfully recommends that the Peixotos' request for fees and costs be denied.

**III.    CONCLUSION**

Having considered the parties' submissions, having good cause, and for the reasons set forth above and on the record on October 21, 2009, it is respectfully recommended that the motion of Plaintiffs, Jose Moreira  and Rose Gomes to remand the instant civil action to the Superior Court of New Jersey be **GRANTED**; and it is further respectfully recommended that the motion of Defendants/Third Party Plaintiffs the Peixotos to remand the instant civil action to the Superior Court of New Jersey be **GRANTED**; and it is further respectfully recommended that Defendants/Third Party Plaintiffs the Peixotos' request for the imposition of costs and fees incurred in preparing their remand motion be **DENIED**; and it is; and it is ordered that the related action entitled, <u>Macedos Construction Company, Inc. of New Jersey v. Virginia Surety Company, Inc.</u>, no.

---

confer federal-question jurisdiction on this Court.  However, at oral argument, their counsel conceded that there is no precedent for this argument.

09-3491 (JAG) ("Macedos Action"), is hereby ordered consolidated with the instant civil action; and it is further respectfully recommended that the Macedos action, no. 09-3491 (JAG), be remanded <u>sua sponte</u> to the Superior Court of New Jersey.  The parties have ten (10) days from the date hereof to file objections.


                                        *s/Madeline Cox Arleo*_____
                                        MADELINE COX ARLEO, U.S.M.J.

Date: October 23, 2009